UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORNELL SMITH,

    Petitioner,                       CRIMINAL NO.   04-80857
                                         CIVIL ACTION NO. 07-11145

vs.

                                         DISTRICT JUDGE LAWRENCE P. ZATKOFF
                                         MAGISTRATE JUDGE DONALD A. SCHEER

UNITED STATES OF AMERICA,

    Respondent.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>:  The instant Motion to Vacate, Set Aside, or Correct Sentence should be denied, as Petitioner has shown no violations of his federal constitutional rights from alleged errors in his guilty plea proceedings.

\*   \*   \*

Petitioner, while a prisoner at the Federal Correctional Institute in Fort Dix, New Jersey[1], filed a Motion to Vacate, Set Aside, or Correct Sentence, under 28 U.S.C. § 2255, on March 16, 2007, alleging violations of his federal constitutional rights to due process incident to his guilty plea before United States District Court Judge Lawrence P. Zatkoff. As a result of a Rule 11 plea bargain agreement, which fully set forth the promises made

---

[1] Plaintiff is currently incarcerated at the Devens Federal Medical Center, P.O. Box 879, Ayer, Massachusetts 01432.

by both parties,[2] the Petitioner pled guilty on January 5, 2006, to conspiracy to possess cocaine and cocaine base (crack) with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1). Petitioner was later sentenced to the custody of the Attorney General for a term of 180 months. As promised in the Rule 11 plea agreement, Petitioner did not file an appeal with the Sixth Circuit Court of Appeals.

Petitioner contends that his sentence for conspiracy to possess crack cocaine with intent to distribute was excessive. He also maintained that he received ineffective assistance of counsel prior to his guilty plea and later at sentencing. The Respondent filed an answer to the Motion to Vacate on July 23, 2007, contending that Petitioner's guilty plea served as an admission that he committed all the elements of the crime. Alternatively, Respondent asserted that the overall performance of Petitioner's counsel was within the range of effective representation demanded of lawyers practicing criminal law, and that Petitioner had failed to demonstrate any prejudice resulting from alleged errors by trial counsel. Petitioner has not filed a reply to Respondent's Answer to date, even though he was given an opportunity to do so.

---

[2]In consideration of the plea, the parties agreed that the maximum custodial sentence would not exceed 180 months. In addition, Petitioner agreed not to appeal the legality of the sentencing guidelines or challenge the accuracy of any factor stipulated to in the guideline worksheets. The district court later sentenced Petitioner to 180 months' imprisonment. In exchange for the guilty plea, the government agreed to dismiss Counts 2 through 32 of the Superceding indictment, which alleged that Petitioner engaged in a Continuing Criminal Enterprise ("CCE") to distribute cocaine and cocaine base, and had unlawfully used a communication facility. The CCE offense carried a mandatory minimum sentence of 240 months. (See Rule 11 Plea Agreement at Docket #164).

Section 2255 provides that in an action to vacate or correct the sentence,[3] the court shall grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief . . . ."  The undersigned is persuaded that there is no merit to the Petitioner's assertions that his guilty plea was involuntary, or that the plea or sentence resulted from incompetent advice of counsel.

GUILTY PLEA PROCEEDINGS

Petitioner argues that he was entitled to a downward departure at sentencing under U.S.S.G. § 5H1.4 because he suffers from an extraordinary physical impairment[4]. He also argued that the 100 to 1 sentencing ratio of the Sentencing Guidelines for crack cocaine over powder cocaine[5] violated his constitutional rights.

By pleading guilty, however, Petitioner knowingly waived his rights to have a trial by a jury, to be presumed innocent until proven guilty, and to have the prosecutor prove his guilt beyond a reasonable doubt. Since a plea of guilty constitutes a waiver of several constitutional rights, it consequently must be made voluntarily and intelligently. Boykin v. Alabama, 395 U.S. 238, 242 (1969); Henderson v. Morgan, 426 U.S. 637, 648 (1976).  In particular, a "plea of guilty shall not be accepted unless made voluntarily after proper

---

[3]In order to prevail upon a section 2255 motion, the petitioner "must allege one of three bases: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceedings invalid." Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001).

[4]Petitioner has been a paraplegic since he was shot in 1998.

[5]Under the 100:1 ratio of the Sentencing Guidelines, an individual who traffics in a given quantity of crack cocaine is treated the same as an individual who traffics in 100 times as much powder cocaine. U.S.S.G. §2D1.1.

3

advice and with full understanding of the consequences." Machibroda v. United States, 368 U.S. 487, 493 (1962), quoting Kercheval v. United States, 247 U.S. 220 (1927). It has been stated that Boykin and Machibroda "set forth a three-pronged test: The plea of guilty must be made voluntarily, it must be made after proper advice, and it must be made with full understanding of the consequences." Henderson v. Morgan, 426 U.S. at 653. (Rehnquist, J., dissenting). The determination of whether the guilty plea was voluntarily and intelligently made must be "based on a comprehensive examination of the totality of the circumstances." Berry v. Mintzes, 726 F.2d 1142, 1146 (6th Cir. 1984).

The record in this case clearly reveals that Petitioner's plea was knowing and voluntary; that he consented in open court to the terms of the plea agreement; that he understood the consequences of his guilty plea, including the possible prison sentence; and that he consciously chose to plead rather than to go to trial. The meticulous record does not reveal any breach of agreement or other impropriety in the administration of the plea agreement. Petitioner also acknowledged that if the district court accepted the Rule 11 Plea Agreement, he could not later withdraw his guilty plea or appeal his conviction (See p. 5-6 of Plea Agreement).

Seeking a downward departure at sentencing under U.S.S.G. § 5H1.4 would have violated the terms of the Rule 11 plea agreement. The plea agreement stated that the attached worksheets reflected "the agreement of the parties." The last page of the worksheet addressed the issue of an upward or downward departure. The stipulated worksheet specifically stated that there were no aggravating or mitigating circumstances to support a departure from the sentencing guidelines. (See ¶9 of the Worksheets attached to the Plea Agreement).

Petitioner was assisted by counsel within the terms of the Sixth Amendment, and it is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.  Mabry v. Johnson, 467 U.S. 504 (1984).  As the Supreme Court has noted, "[t]o allow indiscriminate hearings in federal post-conviction proceedings, whether for federal prisoners under 28 U.S.C. § 2255 or state prisoners under 28 U.S.C. §§ 2241-2254, would eliminate the chief virtues of the plea system -- speed, economy, and finality."  Blackledge v. Allison, 431 U.S. 63 (1977).

INEFFECTIVE ASSISTANCE OF COUNSEL

In order to establish an ineffective assistance of counsel claim, Petitioner has the burden of demonstrating that (1) his attorney made serious errors which undermined the proper functioning of the adversarial process, and that (2) but for those errors, the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  A defendant asserting a claim of inadequate counsel must satisfy both elements of the test; the defendant must demonstrate constitutionally inadequate assistance of counsel and prejudice resulting therefrom  Id. at 697.  Judicial scrutiny of counsel's performance must be highly deferential, Id. at 689, and because of the difficulties in assessing counsel's performance, a reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the (Petitioner) must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  Id. (citing Michel v. New York, 350 U.S. 91, 101 (1955)).

Petitioner has not met his burden here. Upon review, I am persuaded that he has failed to show any serious errors or prejudice resulting from his attorney's performance. In pleading guilty to the conspiracy charge in Count One, Petitioner stipulated that the offense involved 1.4 kilograms of cocaine base (crack) and 137.7 grams of powder cocaine. He does not allege that those amounts were not accurate. Counsel negotiated a sentence 30 months below the top Guideline Range prescribed for the crimes to which his client was accepting responsibility. Moreover, Count Three of the superceding indictment, alleging that Petitioner was part of a Continuing Criminal Enterprise (CCE), was dismissed as part of the plea agreement. If Petitioner had elected to go to trial and had been convicted of a CCE violation, he would have faced a mandatory minimum term of twenty years, with a statutory maximum of life imprisonment. A similar penalty could have been imposed upon Petitioner's conviction on Count Eleven, in light of his prior felony drug conviction. Furthermore, Petitioner faced up to 20 years in prison for each of the cocaine trafficking offenses in Count Eight, Nine, Ten, Twelve, Thirteen and Fourteen, and up to 4 years for his unlawful use of a communication facility (Counts 27-32). By negotiating the Rule 11 Plea Agreement, counsel for Petitioner saved his client from the risk of a much longer sentence.

As mentioned above, seeking a downward departure at sentencing under U.S.S.G. § 5H1.4 for his physical impairment would have breached the plea agreement and exposed Petitioner to additional prosecution under the CCE count. Since Petitioner bargained away his right to make a downward departure motion, it was not ineffective assistance of counsel to fail to make such a motion prior to sentencing. Moreover, Petitioner's physical condition was well known, since he appeared in court using a wheelchair, and the Presentence

Investigation Report advised the court as to his paraplegia. Because Petitioner has failed to demonstrate that a more detailed medical history would have made any difference at sentencing, he cannot establish that his attorney performed inadequately.

There is no merit to his argument that his equal protection rights were violated by the enhanced sentencing disparity between crack and cocaine powder. As pointed out by Respondent in the Answer to the § 2255 petition, the Sixth Circuit has applied the rational basis test and upheld the 100 to 1 ratio between crack and cocaine powder as constitutional. United States v. Smith, 73 F.3d 1414, 1419 (6th Cir. 1996). The 100:1 ratio has not been found to violate the substantive component of the Due Process Clause. United States v. Pickett, 941 F.2d 411, 418-419 (6th Cir. 1991). The Sixth Circuit has also rejected an equal protection challenge to the ratio brought under the Fifth Amendment, United States v. Williams, 962 F.2d 1218, 1227 (6th Cir. 1993), as well as a claim that the term "cocaine base" was unconstitutionally vague. United States v. Levy, 904 F.2d 1026, 1033 (6th Cir. 1990). Counsel negotiated a respectable plea in light of the evidence against Petitioner, and the claim that he was denied the effective assistance of counsel in connection with his guilty plea and sentencing should be rejected.

For all the foregoing reasons, then, the undersigned recommends that the Motion to Vacate, Set Aside, or Correct Sentence be denied. The parties are advised that any objection to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Zatkoff's acceptance thereof is waived.

s/Donald A. Scheer  
DONALD A. SCHEER  
UNITED STATES MAGISTRATE JUDGE

DATED: December 13, 2007

_____

## CERTIFICATE OF SERVICE

I hereby certify on December 13, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 13, 2007: **Cornell Smith.**

                                              s/Michael E. Lang
                                              Deputy Clerk to
                                              Magistrate Judge Donald A. Scheer
                                              (313) 234-5217