UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                              Case No. 04-80857-02
                                              Honorable Lawrence P. Zatkoff

CORNELL SMITH,

    Defendant.
_____/

**OPINION AND ORDER**

At a session of said Court held in the United States District Court,
Federal Building, in the City of Port Huron, County of St. Clair,
State of Michigan on February 15, 2012

PRESENT:  HONORABLE LAWRENCE P. ZATKOFF
United States District Court Judge

**I. INTRODUCTION**

In this matter, the Sixth Circuit granted Defendant's appeal of this Court's denial of his motion for reduction in sentence pursuant to 18 U.S.C. §3582(c)(2). The Sixth Circuit remanded the case to this Court in order to "consider whether [Defendant] is entitled to a sentence reduction under the circumstances in light of the Section 3553(a) factors." On December 27, 2011, the Court issued an Order to the parties requiring them to brief two issues:

1.    Does Defendant have the right to be present and allocute before the Court imposes sentence on Defendant where the Court is deciding Defendant's motion to reduce sentence pursuant to Section 3582(c)(2) following remand by the Sixth Circuit?

>   2.  According to the Sixth Circuit, the appropriate advisory Guideline range in this case is now 135 to 168 months, not 168 to 210 months. ... On the basis of the Sixth Circuit's conclusion, explain: (a) why Defendant is (or is not) entitled to a sentence reduction under the circumstances of this case, and (b) the duration of the sentence you believe the Court should impose at this time.

Both parties timely responded to the Court's Order. For the reasons that follow, the Court now grants Defendant's motion for reduction in sentence and reduces Defendant's sentence from 180 months to 168 months.

## II.  BACKGROUND

### A.  Criminal Conduct

Defendant and his brother, Contrell Smith, operated a large-scale drug distribution network sometimes referred to as the "Joy Boys." Both Defendant and Contrell Smith were charged in numerous counts of a 60-count Indictment and a 32-count Superseding Indictment, including conducting a Continuing Criminal Enterprise in violation of 21 U.S.C. §848, an offense that carries a mandatory minimum term of 20 years of imprisonment. Contrell Smith went to trial, and evidence produced at his trial showed a highly organized system of selling both powder and crack cocaine. The operation included the utilization of numerous "employees" and a "customer service phone" that could be called at anytime, day or night. Low-level shift workers would meet the customers on various residential streets, where the deals would be conducted while both the seller and customer remained in their respective automobiles. Defendant was one of the "supervisors" who took turns directing the employees in the operation of the mobile crack house operation. At a two-week trial presided over by the undersigned, the

evidence revealed significant profits, the acquisition of numerous firearms, and the general refusal of lower-level employees to testify. In fact, only one co-conspirator actually testified, with a second co-defendant breaking his agreement to testify and accepting more prison time rather than testify against the top level of the "Joy Boys." Nonetheless, the evidence at trial *vis a vis* a continuing criminal enterprise operated by both Contrell Smith and Defendant was extensive. Contrell Smith was convicted of the Continuing Criminal Enterprise offense, as well as several others, and the Court sentenced him to 30 years of imprisonment.

**B.    Defendant's Proceedings**

Defendant avoided trial and a 20-year minimum sentence by negotiating a Rule 11 plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, on January 5, 2006, Defendant pled guilty to one count of conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base (a violation of 21 U.S.C. § 846). The plea agreement provided that the parties "agree that a sentence of imprisonment of 180 months . . . is reasonable and an appropriate disposition of the case." The 180-month sentence fell toward the low end of the parties' anticipated advisory sentencing Guidelines range of 168 to 210 months.

Based upon an offense level enhancement under U.S.S.G. § 3B1.1 not applied by the parties, the Probation Department calculated Defendant's advisory Guideline range to be 210 to 262 months. At sentencing, the Court indicated that it agreed with the Probation Department's calculation and concluded that the applicable advisory Guideline range was 210 to 262 months. Nonetheless, the Court accepted as reasonable the Rule 11 plea agreement and sentenced Defendant to 180 months in prison, based in part on Defendant's paralysis and the fact that the parties agreed to that specific sentence. The Court stated that the 180-month sentence

represented a downward variance from the applicable advisory Guidelines range of 210-262 months. Pursuant to the terms of the plea agreement, Defendant waived any right to appeal that sentence.

Two years after Defendant's sentencing, the United States Sentencing Commission retroactively amended the Sentencing Guidelines to reduce the sentencing disparity between crack and powder cocaine offenses. *See* U.S.S.G. Appx. C, Amend 706; U.S.S.G. § 1B1.10. At the time Defendant sought a reduction in his sentence from this Court, however, Sixth Circuit authority precluded sentence reductions in cases involving plea agreements pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). *See United States v. Peveler*, 359 F.3d 369, 379 (6th Cir. 2004). Accordingly, this Court rejected Defendant's motion for reduction of sentence.

Subsequent to this Court's denial of Defendant's motion for reduction of sentence, however, the Supreme Court overruled *Peveler. See Freeman v. United States*, 131 S. Ct. 2685, 2695 (2011) (Sotomayor, J., concurring). As the Sixth Circuit considered Defendant's appeal of the Court's denial of a reduction in sentence after the *Freeman* decision was rendered, the Sixth Circuit determined that the applicable Sentencing Guidelines range at the time of Defendant's 2006 sentencing was "168 to 210 months," as the parties agreed and as outlined in the plea agreement. *United States v. Smith*, 658 F.3d 608, 613 (6th Cir. 2011). As such, the 180-month sentence imposed by the Court did not represent a downward variance from the advisory Guideline range in effect at the time of Defendant's sentence but rather represented a within-Guidelines sentence.

As to the advisory Guidelines range now applicable to Defendant (*i.e.*, following the crack cocaine amendments), the Sixth Circuit stated:

> The crack cocaine amendments reduced the base offense level for Smith's offense from 36 to 34 and the final offense level, as determined in the plea agreement, from 35 to 33. Based on his criminal history category of I, Smith's sentencing range pursuant to the crack cocaine amendments is 135 to 168 months of imprisonment.

*Smith*, 658 F.3d at 613. The Sixth Circuit also concluded that: (1) Defendant is eligible for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c), but (2) this Court had not considered whether Defendant is entitled to a sentence reduction under the circumstances in light of the 18 U.S.C. § 3553(a) factors. *Id*. Therefore, the Sixth Circuit remanded the case to this Court to decide whether, in light of the directives set forth in their opinion, Defendant is eligible for a sentence reduction.

### III.  ANALYSIS

**A.     No Hearing**

The parties agree that Defendant has no right to be present and allocute with respect to his motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c). *See* Fed.R.Cr.P. 43(b)(4); *United States v. Howard*, 644 F.3d 455 (6th Cir. 2011). The Court agrees. No hearing related to this matter shall be held before this Court.

**B.     Sentencing Guidelines and § 3553 Factors**

The overarching goal of 18 U.S.C. § 3553 is to have the Court "impose a sentence sufficient, but not greater than necessary to accomplish the goals of sentencing." *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (internal quotation marks omitted). In determining an appropriate sentence, the Court must consider the factors in 18 U.S.C. § 3553(a), along with the

advisory Sentencing Guidelines range. *United States v. McBride*, 434 F.3d 470 (6th Cir. 2006). In this case, the Sixth Circuit has determined that the applicable advisory Guideline range is 135-168 months.

### 1. Nature, Circumstances, and Seriousness of the Offenses

In the initial Indictment, Defendant was charged in six counts, including a charge of conducting a Continuing Criminal Enterprise under 21 U.S.C. §848, and a conviction on that charge carries a mandatory minimum term of 20 years of imprisonment. Defendant was subsequently charged in 14 counts of the Superseding Indictment, including: (a) the Continuing Criminal Enterprise charge, (b) the conspiracy charge to which Defendant pled guilty, (c) seven counts of distribution of a controlled substance, and (d) five counts of unlawful use of a communication facility. Defendant avoided trial and a 20-year minimum sentence by negotiating a Rule 11 plea agreement that allowed him to plead guilty solely to the cocaine conspiracy charge.

As discussed in Section II.A. above, however, Defendant and his brother, Contrell Smith, operated a large-scale drug distribution network. At his brother's trial, abundant evidence was introduced that revealed: (1) a highly organized system of selling both powder and crack cocaine, and (2) that Defendant was one of the "supervisors" who took turns directing the employees in the operation of the mobile crack house operation. According to the undersigned's notes from the Contrell Smith trial, the evidence of Defendant's supervisory role presented at trial was substantial and convincing.

Thus, the Court finds that the seriousness of the offenses in this case is not limited to the conspiracy charge to which Defendant pled guilty, nor is the amount of crack cocaine, in and of

itself, a barometer of the seriousness of the offenses in this case. In this case, the Court finds that the seriousness of the offense conduct is exemplified by the sophisticated nature of the "mobile crack house" scheme, a scheme Defendant helped orchestrate and control. The Court notes that this a case where local law enforcement could not stop the criminal activity and that, even with federal intervention, it was difficult to arrest and convict the leaders of the criminal enterprise run by Defendant and his brother. In fact, rather than simply utilizing undercover buys, there was a need for federal law enforcement to utilize resources such as wiretaps, aerial surveillance and video surveillance for over a year in order to break up the criminal enterprise. Significantly, throughout that time, Defendant supervised the criminal enterprise, an operation that, literally, was conducted on the streets of Detroit.

For the foregoing reasons, the Court finds that this factor weighs heavily in favor of a sentence at the top of, or even in excess of, the advisory Guideline range.

### 2. History and Characteristics of Defendant

Defendant lacks an extensive criminal record and was in his early twenties at the time of this offense. Defendant is totally paralyzed due to a gunshot wound that he suffered as a teenager while sleeping. As detailed above, notwithstanding a relatively unremarkable criminal history, Defendant, together with his brother, supervised a significant cocaine trafficking organization for a number of years. As detailed below, he has exhibited good conduct since being incarcerated. Accordingly, the Court finds that this factor weighs in favor of a within-Guideline sentence.

### 3. Promote Respect for the Law and Afford Adequate Deterrence

While engaging in the conduct required to operate the criminal enterprise he and his brother supervised, Defendant showed absolutely no respect for the law or law enforcement. The criminal activity continued over an extended period of time, was conducted on residential streets in, essentially, moving cars, and involved many other persons. Therefore, in order to promote Defendant's respect for the law and to provide adequate deterrence to Defendant and others who would operate similar drug operations, especially in cars on streets in our residential neighborhoods, the Court believes a substantial sentence is required.

Taking into consideration all of the circumstances of this case, including without limitation, the charges originally brought against Defendant and the 20-year mandatory minimum for conviction of the Continuing Criminal Enterprise charge (for which Defendant's brother was convicted), the Court believes a substantial sentence in this case means a sentence at the top of, or in excess of, the advisory Guideline range.

### 4. Protect Public from Further Crimes of Defendant

As discussed above, Defendant was intimately involved in supervising a major cocaine trafficking organization for a number of years. Although he pled guilty to only one count, his conduct led to him being charged with 14 counts, including a charge of conducting a Continuing Criminal Enterprise, with a mandatory minimum 240-month term of imprisonment. Moreover, the evidence introduced at the trial of his brother, a co-defendant and co-supervisor, demonstrated how significant the organization was and the large role Defendant had in supervising and operating it. The fact that Defendant participated in such criminal activity causes the Court grave concern regarding the public's safety and need for protection from further crimes of by Defendant.

In Defendant's favor, it appears that he has availed himself of many opportunities to better himself while incarcerated.[1] Specifically, the Bureau of Prisons reports that Defendant "has made good institutional adjustment by participating in educational programs, complying with his financial obligations, and by receiving good work reports on a consistent basis." Among other things, Defendant has worked for several years as a Hospital Companion and Orderly, earned his GED, and completed a number of additional courses, all of which suggest Defendant is embracing the opportunity to rehabilitate himself while incarcerated.

Taking all of the foregoing into consideration, the Court concludes that this factor weighs in favor of a within-Guideline sentence.

### 5. Need to Avoid Unwarranted Disparities

A comparison of Defendant's sentence with those convicted of "similar conduct" weighs heavily in favor of imposing a substantial sentence in this case, perhaps one even in excess of the advisory Guideline range. Defendant's conduct was that of a supervisor and manager in a drug organization - an organization that a jury determined constituted a continuing criminal enterprise. Defendant already received a five-year reduction from the minimum sentence required for continuing criminal enterprise supervisors when the Government agreed to, and this Court imposed, a sentence of 180 months based, at least in part, on his physical handicap and relative lack of a criminal record. The Court concludes, however, that a sentence of 135 months, as requested by Defendant, would create a gap of 105 months between his sentence and the minimum sentence for a person engaging in similar criminal conduct, *i.e.*, operating a continuing

---

[1] As the Supreme Court recently held, a defendant's post-offense rehabilitation is relevant. *See Pepper v. United States*, 131 S. Ct. 1229, 1241 (2011).

criminal enterprise. Accordingly, the Court concludes that this factor weighs heavily in favor of imposing a sentence between the top end of the advisory Guideline range and the 180-month sentence previously imposed on Defendant.

**6.     Conclusion**

The Court has carefully considered each sentencing factor listed at § 3553(a), the advisory Sentencing Guidelines range, and all other relevant evidence. For the above reasons, the Court finds that a sentence of 168 months, which is within the applicable advisory Guideline range, is reasonable and "sufficient, but not greater than necessary to accomplish the goals of sentencing." *Kimbrough*, 552 U.S. at 101.

### IV.  CONCLUSION

Accordingly, and for the reasons set forth herein, IT IS HEREBY ORDERED that Defendant be sentenced to a term of imprisonment of 168 months.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  February 15, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 15, 2012.

S/Marie E. Verlinde
Case Manager, (810) 984-3290
